UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSEPH W. BUCKNER,

       Petitioner,

v.                                         Case No. 2:06-cv-272
                                         HON. R. ALLAN EDGAR
JERI-ANN SHERRY,

       Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Joseph Buckner filed this petition for writ of habeas corpus challenging the validity of his parole revocation. Petitioner claims that he did not violate any law when he exposed his buttocks to a female co-worker. Petitioner merely asserts that he "mooned" his co-worker and that she was not offended by his conduct. Petitioner was originally convicted of first degree criminal sexual conduct and sentenced to 10 to 25 years imprisonment. Petitioner was on parole in 2002, when his parole was revoked after he exposed his buttocks to a female co-worker. Petitioner returned to prison. Petitioner was paroled on November 20, 2008.

Petitioner maintains that his parole revocation was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner has raised the following issues in his petition:

> I. Respondent's decision finding petitioner guilty of a violation of the indecent exposure statute is not supported by competent material, and substantial evidence.
>
> II. Even if the conduct at issue can amount to a violation of the statute, under the facts of the instant case it does not.
>
> III. Respondent's decision to revoke petitioner's parole is disproportionately severe.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case

differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

It does not appear that petitioner was actually convicted of criminal conduct regarding his exposure of his buttocks to a female co-worker. Petitioner's parole was revoked for not

complying with the conditions of his parole.  As part of his conditions of parole petitioner was required to conduct himself in a specific manner.  The parole conditions stated in part:

> (4) CONDUCT:   You must not engage in any behavior that constitutes a violation of any criminal law of any unit of government. You must not engage in assaultive, abusive threatening or intimidating behavior. . . .

Certainly, petitioner was on notice that he needed to behave himself in a certain manner and that he was being monitored for inappropriate conduct that necessitated his return to prison.  Petitioner has described his decision to "moon" a female co-worker as stupid and foolish.  The parole board explained the findings of the violation:

> NATURE OF VIOLATIONS:
> Count #1 - Violation of Rule #4
> Plea: Not Guilty
> Subject was charged with Indecent Exposure on 11/05/02.
>
> SUMMARY OF EVIDENCE:
> Heather Smith testified that she was a security officer at Denzel Manufacturing and that the parolee worked right next to the security area in the kitchen. Ms. Smith indicated that on 11/05/02, the parolee told her to look at the security monitors and then when she hadn't seen anything, he told her to look again. Ms. Smith testified that over the security cameras, the parolee "mooned" her.  (The video was presented at the hearing and depicted the parolee pulling his pants down and baring his buttocks to the security cameras). Ms. Smith indicated that she made a written report to the boss about this incident. Under cross-examination, Ms. Smith indicated that she had never dated Buckner or had a sexual relationship with him.  Ms. Smith also indicated that she was offended by the parolee's behavior.
>
> PA Freehling indicated that the parolee told him he had mooned a fellow employee.
>
> The parolee testified that he only meant this as a prank and couldn't believe he would be returned to prison for this.  The parolee also indicated that he and the [sic] Ms. Smith were friends and always joked around.

- 4 -

  FINDINGS:
  Count #1 - Guilty

  As indicated previously, this was not an indecent exposure under State Law, but this issue is whether the parolee's conduct would come within the "open exposure" language of the statute. Per the case law, this question of an "open exposure" is somewhat vague compared to the counts specified regarding an indecent exposure. There are various facts which led the Hearing Officer to find that this was a violation of State Law under the statute.

  a) Heather Smith's testimony was very credible and Hearing Officer did not get any indication that the complainant took part in this behavior or felt it was a joke.
  b) The behavior took place in the workplace, not at a beach party, etc. and the baring of the buttocks is generally not behavior condoned or expected in the workplace.
  c) The fact that Buckner indicated he meant the behavior as a joke is not dispositive. His behavior was not perceived by the witness as being a joke.

In the opinion of the undersigned, the parole revocation was not unreasonable under the facts. Moreover, petitioner is currently on parole. The Court cannot provide petitioner with any more relief than his current parole status affords.

  In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

  In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

  The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district

court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's claims was debatable or wrong. Petitioner cannot establish that his constitutional rights were violated by his prior parole revocation. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley  
    TIMOTHY P. GREELEY  
    UNITED STATES MAGISTRATE JUDGE

Dated:  June 22, 2009